02-11-461-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00461-CR

 

 


 
 
 Luke Cantu
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE 371st
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          The
trial court adjudicated Appellant Luke Cantu guilty of assault against a family
or household member and sentenced him to five years’ confinement.  In a single,
somewhat ambiguous point, Cantu argues that the “trial court abused its
discretion in revoking [his] probation in proceeding to an adjudication of
guilt[y] in light of overwhelming evidence that [he] had a viable explanation
as to why he” violated the terms of his community supervision.

          To
the extent that Cantu’s point can be construed as challenging the sufficiency
of the evidence to support the trial court’s decision to adjudicate guilt,
Cantu pleaded true to each of the State’s six allegations and stated during his
testimony, “I know I messed up.”  Notwithstanding his testimony, Cantu’s pleas
of true, standing alone, are sufficient to support the trial court’s decision
to adjudicate.  See Moses v. State, 590 S.W.2d 469, 470 (Tex. Crim. App.
[Panel Op.] 1979); Cole v. State, 578 S.W.2d 127, 128 (Tex. Crim. App.
[Panel Op.] 1979).

          To
the extent that Cantu’s point can be construed as challenging the trial court’s
discretion to revoke his community supervision and sentence him to five years’
confinement instead of continuing, extending, or modifying his community
supervision, Cantu failed to preserve this argument for appellate review
because he did not raise an objection or otherwise challenge his sentence in
the trial court.[2]  See Tex. R. App.
P. 33.1(a)(1); Mercado v. State, 718 S.W.2d 291, 296 (Tex. Crim. App.
1986) (“As a general rule, an appellant may not assert error pertaining to his
sentence or punishment where he failed to object or otherwise raise such error
in the trial court.”); Russell v. State, 341 S.W.3d 526, 527–28 (Tex.
App.—Fort Worth 2011, no pet.) (holding that appellant adjudicated guilty of offense
failed to preserve argument challenging sentence for appellate review); Bernal
v. State, No. 07-00-00490-CR, 2003 WL 76865, at *1 (Tex. App.—Amarillo Jan.
8, 2003, pet. ref’d) (mem. op., not designated for publication) (same).

          To
the extent that Cantu intended to raise some other argument that is not
addressed by or subsumed within the above analyses, he forfeited that
inadequately briefed point for appellate review.  See Tex. R. App. P.
38.1(i) (requiring brief to contain a clear and concise argument for the
contentions made).  We overrule Cantu’s sole point and affirm the trial court’s
judgment.

 

 

BILL MEIER
JUSTICE

 

PANEL: 
DAUPHINOT,
MCCOY, and MEIER, JJ.

 

DAUPHINOT,
J., filed a dissenting opinion.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  March 22, 2012






 

 









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00461-CR

 

 


 
 
 Luke Cantu
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 371st
District Court OF Tarrant COUNTY

----------

DISSENTING
MEMORANDUM OPINION[3]

----------

For
the reasons stated in my concurrence to the majority opinion in Laboriel–Guity
v. State[4]
and in my concurring and dissenting opinions to the majority opinions in Means
v. State[5]
and Kim v. State,[6]
I dissent from the majority’s holding that Appellant forfeited any complaint
that the trial court abused its discretion by sentencing him to five years’
confinement.

 

 

 

LEE ANN DAUPHINOT
JUSTICE

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  March 22, 2012

 

 









[1]See Tex. R. App. P. 47.4.





[2]The State construed
Cantu’s argument as raising a cruel-and-unusual punishment argument.  If that
is the case, it too is unpreserved.  See Rhoades v. State, 934 S.W.2d
113, 120 (Tex. Crim. App. 1996) (holding that appellant waived argument
involving Article I, Section 13 of the Texas constitution).





[3]See Tex. R. App. P. 47.4.





[4]336 S.W.3d 754, 757–59
(Tex. App.—Fort Worth 2011, pet. ref’d) (Dauphinot, J., concurring).





[5]347 S.W.3d 873, 875–76
(Tex. App.—Fort Worth 2011, no pet.) (Dauphinot, J., concurring and dissenting).





[6]283 S.W.3d 473, 476–79
(Tex. App.—Fort Worth 2009, pet. ref’d) (Dauphinot, J., concurring and
dissenting).