

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

### NO. 02-11-00461-CR

LUKE CANTU                                                                    APPELLANT

V.

THE STATE OF TEXAS                                                            STATE

----------

## FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

The trial court adjudicated Appellant Luke Cantu guilty of assault against a family or household member and sentenced him to five years' confinement. In a single, somewhat ambiguous point, Cantu argues that the "trial court abused its discretion in revoking [his] probation in proceeding to an adjudication of guilt[y] in light of overwhelming evidence that [he] had a viable explanation as to why he" violated the terms of his community supervision.

---

[1]*See* Tex. R. App. P. 47.4.

To the extent that Cantu's point can be construed as challenging the sufficiency of the evidence to support the trial court's decision to adjudicate guilt, Cantu pleaded true to each of the State's six allegations and stated during his testimony, "I know I messed up." Notwithstanding his testimony, Cantu's pleas of true, standing alone, are sufficient to support the trial court's decision to adjudicate. *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979); *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979).

To the extent that Cantu's point can be construed as challenging the trial court's discretion to revoke his community supervision and sentence him to five years' confinement instead of continuing, extending, or modifying his community supervision, Cantu failed to preserve this argument for appellate review because he did not raise an objection or otherwise challenge his sentence in the trial court.[2] *See* Tex. R. App. P. 33.1(a)(1); *Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986) ("As a general rule, an appellant may not assert error pertaining to his sentence or punishment where he failed to object or otherwise raise such error in the trial court."); *Russell v. State*, 341 S.W.3d 526, 527–28 (Tex. App.—Fort Worth 2011, no pet.) (holding that appellant adjudicated guilty of offense failed to preserve argument challenging sentence for appellate

---

[2]The State construed Cantu's argument as raising a cruel-and-unusual punishment argument. If that is the case, it too is unpreserved. *See Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (holding that appellant waived argument involving Article I, Section 13 of the Texas constitution).

review); *Bernal v. State*, No. 07-00-00490-CR, 2003 WL 76865, at *1 (Tex. App.—Amarillo Jan. 8, 2003, pet. ref'd) (mem. op., not designated for publication) (same).

To the extent that Cantu intended to raise some other argument that is not addressed by or subsumed within the above analyses, he forfeited that inadequately briefed point for appellate review.  *See* Tex. R. App. P. 38.1(i) (requiring brief to contain a clear and concise argument for the contentions made).  We overrule Cantu's sole point and affirm the trial court's judgment.


BILL MEIER
JUSTICE

PANEL:  DAUPHINOT, MCCOY, and MEIER, JJ.

DAUPHINOT, J., filed a dissenting opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  March 22, 2012



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00461-CR

LUKE CANTU
                                                                    APPELLANT

V.

THE STATE OF TEXAS
                                                                         STATE

----------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

----------

## DISSENTING MEMORANDUM OPINION[1]

----------

For the reasons stated in my concurrence to the majority opinion in *Laboriel–Guity v. State*[2] and in my concurring and dissenting opinions to the majority opinions in *Means v. State*[3] and *Kim v. State*,[4] I dissent from the

---

[1]*See* Tex. R. App. P. 47.4.

[2]336 S.W.3d 754, 757–59 (Tex. App.—Fort Worth 2011, pet. ref'd) (Dauphinot, J., concurring).

[3]347 S.W.3d 873, 875–76 (Tex. App.—Fort Worth 2011, no pet.) (Dauphinot, J., concurring and dissenting).

majority's holding that Appellant forfeited any complaint that the trial court abused its discretion by sentencing him to five years' confinement.

LEE ANN DAUPHINOT
JUSTICE

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: March 22, 2012

---

[4]283 S.W.3d 473, 476–79 (Tex. App.—Fort Worth 2009, pet. ref'd) (Dauphinot, J., concurring and dissenting).