

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00626-CR

LUCAS RYAN DOYLE                                                      APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

----------

### FROM THE 415TH DISTRICT COURT OF PARKER COUNTY
### TRIAL COURT NO. CR09-0356

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

In a single issue, Appellant Lucas Ryan Doyle appeals from his conviction

for aggravated assault with a deadly weapon.[2]  We will affirm.

----

[1]*See* Tex. R. App. P. 47.4.

[2]This case was originally submitted without oral argument on September 30, 2013, before a panel consisting of Justice Gardner, Justice McCoy, and

## II. BACKGROUND

Doyle pleaded guilty to the offense of aggravated assault with a deadly weapon and was placed on deferred adjudication community supervision for ten years. Approximately fifteen months later, the State filed a petition to proceed to adjudication and thereafter amended its petition several times. At the hearing on the "State's Third Amended Petition To Proceed To Adjudication," Doyle entered a plea of true to the allegations in (d), (g1), (g2), (j), (l), (n), (p1), (p2), (p3), and (p4)—concerning "technical" community supervision violations—and entered a plea of "not true" to the allegations in (a1) through (a6)—concerning allegations involving new criminal offenses. After hearing the evidence, the trial court found that while on community supervision, Doyle had violated the terms and conditions of community supervision as set out in the "State's Third Amended Petition To Proceed To Adjudication," except for (a)(7), which the State waived. The trial court also found that a deadly weapon, as defined in penal code section 1.07, was used or exhibited in the commission of the offense. The trial court sentenced Doyle to twenty years' confinement and ordered him to pay a fine (previously assessed but unpaid) of $1,795 and court costs of $95. Doyle filed a "Motion For New Trial On Punishment And Motion In Arrest Of Judgment,"

---

Justice Meier. The court, on its own motion on June 10, 2014, ordered this case reset without oral argument on July 1, 2014, and assigned this case to a new panel, consisting of Justice Walker, Justice McCoy, and Justice Meier.

arguing that "[t]he verdict in this cause is contrary to the law and the evidence." This appeal followed.

### III. PROPORTIONALITY OF SENTENCE

In his sole issue, Doyle argues that the twenty-year sentence assessed by the trial court is not commensurate with the facts of the case and constitutes cruel and unusual punishment under article 1, section 13 of the Texas constitution[3] and the Eighth Amendment to the United States Constitution.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Landers v. State*, 402 S.W.3d 252, 254 (Tex. Crim. App. 2013); *Sample v. State*, 405 S.W.3d 295, 300 (Tex. App.—Fort Worth 2013, pet. ref'd). A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (op. on reh'g); *Sample*, 405 S.W.3d at 300.

---

[3]Doyle presents no argument or authority as to how the protection offered by the Texas constitution differs from the protection guaranteed by the federal constitution. His claim under the Texas constitution is therefore inadequately briefed and presents nothing for our review. *See Henderson v. State*, 962 S.W.2d 544, 563 n.17 (Tex. Crim. App. 1997), *cert. denied*, 525 U.S. 978 (1998); *Johnson v. State*, 853 S.W.2d 527, 533 (Tex. Crim. App. 1992), *cert. denied*, 510 U.S. 852 (1993).

Doyle did not object that his sentence was disproportionate at the time that it was imposed, nor did he raise this complaint in his motion for new trial. We have held on numerous occasions that this type of claim must be preserved at the trial court level. *See Means v. State*, 347 S.W.3d 873, 874 (Tex. App.—Fort Worth 2011, no pet.); *Russell v. State*, 341 S.W.3d 526, 527–28 (Tex. App.—Fort Worth 2011, no pet.); *Laboriel-Guity v. State*, 336 S.W.3d 754, 756 (Tex. App.—Fort Worth 2011, pet. ref'd); *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd); *Acosta v. State*, 160 S.W.3d 204, 211 (Tex. App.—Fort Worth 2005, no pet.); *see also Cisneros v. State*, No. 02-06-00103-CR, 2007 WL 80002, at *1 (Tex. App.—Fort Worth May 23, 2007, pet. ref'd) (mem. op., not designated for publication) (collecting cases); *cf. Burt v. State*, 396 S.W.3d 574, 577 (Tex. Crim. App. 2013) ("A sentencing issue may be preserved by objecting at the punishment hearing, or when the sentence is pronounced."). Because Doyle did not raise his complaint in the trial court, his complaint is forfeited.[4] We overrule Doyle's sole issue.

---

[4]Even if we were to reach the merits of Doyle's complaint, his punishment was within the statutory limits for the offense. *See* Tex. Penal Code Ann. §§ 12.33(a), 22.02(a) (West 2011). Punishment that is imposed within the statutory limits and that is based upon the sentencer's informed normative judgment is generally not subject to challenge for excessiveness except in "exceedingly rare" situations. *Kim*, 283 S.W.3d at 476 (quoting *Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006)).

4

## IV. Conclusion

Having overruled Doyle's sole issue, we affirm the trial court's judgment.

PER CURIAM

PANEL:  WALKER, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  July 3, 2014