

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00104-CR

LADARIUS DASHUN HICKS                                    APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

## FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY

----------

## OPINION

----------

Appellant entered a negotiated plea of guilty to aggravated robbery with a deadly weapon, a baseball bat, and, pursuant to the plea bargain agreement, the trial court deferred adjudicating Appellant's guilt and placed him on nine years' community supervision.  Only five months later, the State filed a petition to proceed to adjudication, alleging that Appellant had violated the terms and conditions of his community supervision by committing the new offense of criminal trespass, by using marihuana one time, and by failing to complete the

Theft Intervention Program. Upon Appellant's pleas of not true to the allegations of trespass and marihuana use and his plea of true to the failure to complete the Theft Intervention Program, and after hearing evidence and argument, the trial court granted the State's petition to proceed to adjudication, convicted Appellant of aggravated robbery with a deadly weapon, and sentenced him to fifteen years' confinement.

In his sole point, Appellant argues that the punishment was grossly disproportionate to the facts of his community supervision violations, contravening the constitutional prohibition against cruel and unusual punishment. Not only was Appellant given the statutorily mandated opportunity for defendant allocution,[1] he was also given the opportunity to argue the appropriate punishment. He did not raise this complaint at either time. Finally, although Appellant filed a motion for new trial, he did not raise this complaint in his motion. Consequently, because Appellant was given every opportunity to raise his sentencing complaint in the trial court but did not, we hold that he forfeited this point.[2]

Even if Appellant had preserved his point, it lacks merit. At the time of the underlying offense, Appellant was eighteen years old, did not own a car, and

---

[1]See Tex. Code Crim. Proc. Ann. art. 42.07 (West 2006).

[2]See Tex. R. App. P. 33.1(a)(1); *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012).

rode the bus when he had the money to pay for the ticket. Appellant decided to rob a pizza delivery person. Colluding with at least one other person, he called the Pizza Hut and ordered a pizza. When the deliveryman arrived, Appellant threatened him with a baseball bat and chased him as he ran away. At some point, the deliveryman dropped the pizza, and Appellant picked it up.

At the revocation hearing, a signed, voluntary use admission form in which Appellant admitted using marihuana while on community supervision was admitted in evidence. The form was signed by Appellant and a community supervision field officer.

Additionally, a woman testified that she saw Appellant and some other men standing in her father's backyard. A neighbor told her some men were trying to break into the home. When her father returned home, he discovered that someone had broken out one of the kitchen windows facing the backyard.

At the hearing, the trial court went to some lengths to allow Appellant to argue for a low sentence and to explain the bases of the trial court's rulings. Appellant had lied to the trial court, and trial counsel for Appellant had conscientiously made sure that Appellant corrected any lies or misstatements. The trial court explained that there were ramifications to Appellant's not testifying truthfully. The trial court stated that Appellant's lawyer "explain[ing] to [Appellant] the significance of [his] lying on the stand and . . . telling everybody that [he] did not appreciate what [he was] doing" prevented Appellant from receiving a very significant sentence.

3

The range of confinement for aggravated robbery with a deadly weapon, a first-degree felony,[3] is from five to ninety-nine years or life imprisonment, and in addition, the trial court may assess a fine of up to $10,000.[4] The sentence imposed lies well within the range of punishment provided by the legislature.[5] The trial court took into consideration Appellant's youth in assessing punishment in the lower range, despite the fact that one of the grounds for proceeding to adjudication was the commission of a new offense that looks suspiciously like at least an attempted burglary. We hold that nothing in the record shows that the fifteen-year sentence imposed in this case constitutes a grossly disproportionate sentence or cruel and unusual punishment in violation of the Eighth Amendment to the Constitution of the United States.[6]

We overrule Appellant's sole point and affirm the trial court's judgment.

---

[3]Tex. Penal Code Ann. § 29.03(b) (West 2011).

[4]*Id.* § 12.32.

[5]*See id.*

[6]*See Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Moore v. State*, 54 S.W.3d 529, 541–42 (Tex. App.—Fort Worth 2001, pet. ref'd) (citing *Harmelin v. Michigan*, 501 U.S. 957, 965, 111 S. Ct. 2680, 2686 (1991); *Solem v. Helm*, 463 U.S. 277, 292, 103 S. Ct. 3001, 3011 (1983); *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir.), *cert. denied*, 506 U.S. 849 (1992)).

LEE ANN DAUPHINOT
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

WALKER, J., concurs without opinion.

PUBLISH

DELIVERED:  October 24, 2013