

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00519-CR

RALPH WOODWARD                                                        APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1218737D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Ralph Woodward appeals the revocation of his deferred adjudication community supervision for burglary of a habitation, his conviction, and his twenty-five-year sentence as a habitual offender.[2]  Appellant concedes

---

[1]See Tex. R. App. P. 47.4.

[2]See Tex Penal Code Ann. § 12.42(d) (West Supp. 2014), § 30.02(a)(1), (3), (c)(2) (West 2011).

that he violated a condition of community supervision but argues that, although a trial court may grant a petition to adjudicate, adjudicate guilt, revoke community supervision, and sentence a person to confinement, the trial court should not have done so in this case because options were available that better fit the preferred goal of a continuum of sanctions. We affirm.

We review an order revoking deferred adjudication community supervision and adjudicating guilt under an abuse of discretion standard.[3] In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision.[4] Proof by a preponderance of the evidence of any *one* of the alleged violations of the conditions of community supervision is sufficient to support a revocation order.[5]

Based on the record before us, we cannot say that the trial court abused its discretion by revoking Appellant's community supervision and adjudicating his guilt. Appellant initially entered a plea of true to the allegation that he violated the terms and conditions of community supervision by failing to complete the Substance Abuse Felony Punishment (SAFP) program but then withdrew the

---

[3]Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 2014); *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Cantu v. State*, 339 S.W.3d 688, 691 (Tex. App.—Fort Worth 2011, no pet.).

[4]*Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993).

[5]*Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980).

plea and entered a plea of not true. Appellant took the stand, however, and admitted to the violation alleged. His testimony, along with the testimony of the State's witness, provided proof by a preponderance of the evidence of the violation.[6] We hold that the trial court did not abuse its discretion in revoking Appellant's community supervision and proceeding to adjudication of guilt.

Appellant forfeited his sentencing complaint by not raising it on allocution or in his motion for new trial.[7] But as the State points out, the sentence that the trial court imposed—twenty-five years' confinement—is the minimum sentence permitted by law for burglary of a habitation with two prior sequential felony convictions.[8]

We affirm the trial court's judgment.

---

[6] *Moore*, 605 S.W.2d at 926; *Sanchez*, 603 S.W.2d at 871.

[7] *See* Tex. Code Crim. Proc. Ann. art. 42.07 (West 2006); *Hicks v. State*, 415 S.W.3d 587, 588 (Tex. App.—Fort Worth, no pet.).

[8] *See* Tex. Penal Code Ann. §§ 12.42(d), 30.02(a)(1), (3), (c)(2).

                                        /s/ Lee Ann Dauphinot
                                        LEE ANN DAUPHINOT
                                        JUSTICE

PANEL:  DAUPHINOT, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  November 20, 2014