

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-14-00111-CR

CALVIN JAMAL LAKES                                         APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

### FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 1287004W

----------

### MEMORANDUM OPINION[1]

----------

Appellant Calvin Jamal Lakes appeals from his five-year sentence imposed after his deferred adjudication community supervision was revoked and he was adjudged guilty of burglary of a habitation. Because Lakes forfeited any complaint regarding his sentence, we affirm the trial court's judgment.

On July 6, 2012, Lakes pleaded guilty to burglary of a habitation. The trial court under a plea-bargain agreement deferred adjudicating Lakes's guilt and placed him on community supervision for five years. *See* Tex. Code Crim. Proc. Ann. art.

----------

[1]*See* Tex. R. App. P. 47.4.

42.12, § 5(a) (West Supp. 2014). Several conditions were placed on Lakes's community supervision two of which were payment of certain fees, fines, and costs and reporting to his assigned community-supervision officer monthly. *See id.* art. 42.12, § 11. On May 31, 2013, the State filed a petition to proceed to adjudication because Lakes repeatedly failed to pay his supervision fees and failed to regularly report to his community-supervision officer. On June 26, 2013, the trial court modified Lakes's community supervision, requiring Lakes to submit to the supervision of the supervision-with-immediate-enforcement court (SWIFT court) because he was "headed for probation revocation." The trial court then granted the State's motion to dismiss the petition based on the amended terms.

The SWIFT court periodically ordered Lakes to serve brief periods of time— ranging from two to thirty days—in the Tarrant County Jail. On January 24, 2014, the SWIFT court discharged Lakes "for program violations" and returned his supervision to the trial court. The trial court issued a warrant for Lakes's arrest for violating the terms of his community supervision by using drugs and for failing to appear in court. On February 6, 2014, the State filed a second petition to proceed to adjudication, alleging that Lakes failed to identify himself to a peace officer attempting to serve an arrest warrant and that Lakes had been discharged from the SWIFT court in violation of the terms of his community supervision. Lakes pleaded true to both violation allegations without the benefit of a plea-bargain agreement. The trial court adjudged Lakes guilty of burglary of a habitation, revoked his community supervision, and sentenced him to five years' confinement. *See id.* art. 42.12, § 5(b).

2

Lakes now argues on appeal that his sentence was disproportionate to the severity of the violations given his addiction issues and was cruel and unusual. Lakes concedes that the sentence given by the trial court was within the range of possible punishment. Lakes did not object to the trial court's imposition of sentence at the time it was imposed[2] or file a motion for new trial arguing that his sentence was disproportionate and unconstitutional. Thus, he has forfeited any error arising from his sentence.[3] *See* Tex. R. App. P. 33.1(a)(1)(A); *Hicks v. State*, 415 SW.3d 587, 588 (Tex. App.—Fort Worth 2013, no pet.). We overrule Lakes's sole point and affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(a).

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL: LIVINGSTON, C.J.; WALKER and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: November 20, 2014

---

[2]Lakes did not request that the court reporter make a record of the revocation hearing. *See* Tex. Gov't Code Ann. § 52.046 (West 2013); Tex. R. App. P. 13.1(a).

[3]Even if properly preserved, this argument would have no merit because the sentence was within the range of applicable punishments and was not grossly disproportionate to the gravity of the initial offense to which Lakes pleaded guilty—burglary of a habitation. *See, e.g.*, *Lawrence v. State*, 420 S.W.3d 329, 333 (Tex. App.—Fort Worth 2014, pet. ref'd).

3