

## COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-15-00231-CR

MICHAEL QUINCY WHITE                                                      APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

----------

### FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 1237626D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Michael Quincy White appeals his ten-year sentence for the third-degree-felony offense of driving while intoxicated (DWI) with two prior DWI convictions.[2] He contends that the sentence is excessive and disproportionate to

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. §§ 49.04(a), .09(b)(2) (West Supp. 2015). Appellant does not expressly challenge the merits of his conviction.

the crime. Because appellant forfeited this complaint by not raising it in the trial court, we affirm.

## Background Facts

A grand jury indicted appellant for committing DWI. The indictment contained a paragraph alleging that he had been previously convicted twice for that offense. With the assistance of counsel and pursuant to a plea bargain, appellant waived constitutional and statutory rights, judicially confessed to the truth of all allegations in the indictment, and pled guilty. His plea paperwork informed him that he had been charged with a third-degree felony that carried punishment of up to ten years' confinement. Appellant affirmed that he was aware of the consequences of his plea.

In accordance with the terms of the plea bargain, the trial court found appellant guilty and assessed his punishment at ten years' confinement but suspended imposition of the sentence and placed him on community supervision for a ten-year period. The original conditions of appellant's community supervision required him to, among other acts, commit no further offense, abstain from using illegal drugs or drinking alcohol, complete community service, and use an ignition interlock device on any vehicle that he operated. The court later amended the conditions of community supervision on several occasions to add temporary confinement in the Tarrant County jail.

Three years after the trial court placed appellant on community supervision, the State filed a petition for the court to revoke the community

2

supervision. The State alleged that he had failed to report to community supervision authorities for two months, that he had operated a vehicle that did not have an ignition interlock device, that he had used cocaine and had drunk alcohol on several occasions, that he had failed to begin outpatient treatment as instructed by his community supervision officer, and that he had failed to complete at least ten hours of community service per month. The trial court informed appellant that he faced up to ten years' confinement if the court revoked his community supervision.

At a hearing, appellant pled true to all of the allegations in State's petition.[3] He testified about matters related to his employment, his probation violations, and his recent arrest and confinement for aggravated assault with a deadly weapon. He asked the trial court for a "last chance" to remain on community supervision, but he admitted that the trial court previously had allowed him to continue on community supervision after violating some conditions.

The trial court found the allegations in the State's petition to be true, revoked appellant's community supervision, and sentenced him to ten years' confinement. The court asked appellant whether there was any legal reason why the sentence should not be commenced, and he gave no reason. Appellant did not file a motion for new trial, but he brought this appeal.

---

[3]Appellant's pleas of true support the trial court's revocation of his community supervision. *Tapia v. State*, 462 S.W.3d 29, 31 n.2 (Tex. Crim. App. 2015).

## The Forfeiture of Appellant's Complaint

In appellant's only issue, he contends that his sentence is excessive and disproportionate to his crime and therefore violates the prohibitions against cruel and unusual punishment contained in our federal and state constitutions.[4]  *See* U.S. Const. amend. VIII; Tex. Const. art. 1, § 13.  The State argues that he forfeited this argument by failing to raise it in the trial court, and we agree.

As appellant acknowledges, he did not complain about the disproportionality or excessiveness of his sentence at any time in the trial court.  And as appellant also concedes, we have consistently held that proportionality complaints are forfeited when they are not raised in the trial court either at trial or in a motion for new trial.  Indeed, both this court and the court of criminal appeals have held on numerous occasions that a defendant forfeits federal and state constitutional complaints about an allegedly cruel and unusual sentence by not raising the complaints in the trial court.  *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996); *Curry v. State*, 910 S.W.2d 490, 497–98 (Tex. Crim. App. 1995); *Hicks v. State*, 415 S.W.3d 587, 588 (Tex. App.—Fort Worth 2013, no pet.); *Pollock v. State*, 405 S.W.3d 396, 405–06 (Tex. App.—Fort Worth 2013, no

---

[4]Appellant concedes, however, that the sentence is within the statutory range for a third-degree felony and that generally, a sentence imposed by a judge within the statutory range is not an abuse of discretion.  *See Adetomiwa v. State*, 421 S.W.3d 922, 928 (Tex. App.—Fort Worth 2014, no pet.) ("Subject only to a very limited, 'exceedingly rare' gross-disproportionality review, a punishment that falls within the legislatively-prescribed range, and that is based upon the sentencer's informed normative judgment, is unassailable on appeal.").

pet.); *Russell v. State*, 341 S.W.3d 526, 527–28 (Tex. App.—Fort Worth 2011, no pet.); *see also* Tex. R. App. P. 33.1(a); *Cisneros v. State*, No. 02-06-00103-CR, 2007 WL 80002, at *1 (Tex. App.—Fort Worth Jan. 11, 2007, pet. ref'd) (mem. op., not designated for publication) (collecting more cases).[5]

We decline appellant's invitation to depart from the precedent of this court and of the court of criminal appeals. Because appellant had an opportunity to object to the constitutionality of his sentence at the revocation hearing after the court sentenced him (when the court asked him whether there was any legal reason that the sentence should not begin) and again by filing a motion for trial but did not object, we hold that he forfeited the complaint for our review, and we overrule his only issue. *See* Tex. R. App. P. 33.1(a); *Hicks*, 415 S.W.3d at 588; *Pollock*, 405 S.W.3d at 405–06.

---

[5]Our sister intermediate appellate courts have reached the same conclusion. *See, e.g.*, *Rodriguez v. State*, 459 S.W.3d 184, 200 (Tex. App.—Amarillo 2015, pet. ref'd); *Carson v. State*, 422 S.W.3d 733, 750 (Tex. App.—Texarkana 2013, pet. ref'd); *Contreras v. State*, 369 S.W.3d 689, 690 (Tex. App.—Tyler 2012, no pet.) (mem. op.).

**Conclusion**

Having overruled appellant's sole issue, we affirm the trial court's judgment.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; GARDNER and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  February 4, 2016