

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-15-00470-CR

SARAH ASHLEY BOSWELL                                                          APPELLANT

V.

THE STATE OF TEXAS                                                                  STATE

----------

### FROM THE 235TH DISTRICT COURT OF COOKE COUNTY
### TRIAL COURT NO. 14-00431

----------

## MEMORANDUM OPINION[1]

----------

Pursuant to a plea bargain, Appellant Sarah Ashley Boswell pled guilty to

credit card abuse of an elderly individual,[2] a third-degree felony,[3] and the trial

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. § 32.31(b), (d) (West 2011).

[3]*See id.* § 12.34 (providing range of punishment is 2 to 10 years' confinement and a fine of up to $10,000).

court placed her on deferred adjudication community supervision (DACS) for five years and imposed a $500 fine. Less than three months later, the State filed a motion to adjudicate, alleging that Appellant had violated several terms of community supervision. After a hearing, the trial court revoked Appellant's DACS, adjudicated her guilt, and sentenced her to ten years' confinement.

In one point, Appellant complains that the trial court abused its discretion and violated her rights to due process by revoking her community supervision and sentencing her to ten years, the maximum term of confinement,[4] "against all logic and the evidence presented." Because the trial court did not abuse its discretion by revoking Appellant's DACS and she forfeited her sentencing complaint by failing to raise it in the trial court, we affirm the trial court's judgment.

**Statement of Facts**

Appellant's community supervision officer and grandmother testified at the adjudication hearing. The community supervision officer testified specifically about several violations. At the end of her direct examination, she answered "No" when asked if Appellant had done "anything on probation."

One of the violations the community supervision officer testified about was illegal drug use. She testified that Appellant had tested positive for methamphetamine, cocaine, and marijuana on one occasion and

---

[4]*See id.*

2

methamphetamine on another occasion. After the second positive drug test, the community supervision officer instructed Appellant to attend outpatient treatment and to attend AA or NA; Appellant did neither. On cross-examination, the community supervision officer agreed that outpatient or inpatient treatment would have been beneficial for Appellant and that Appellant had a "drug abuse problem" but also stated that Appellant "doesn't want help with it. . . . [I]f she wanted help, she would have done the outpatient." Appellant's grandmother testified that drug treatment would be good for Appellant and that to be successful on community supervision, she would need weekly drug tests.

The community supervision officer also testified that Appellant had previously been convicted of seven state jail felonies for six counts of fraud and one count of possession of a controlled substance. Appellant's grandmother clarified that Appellant's seven prior state jail felony convictions stemmed from one indictment.

After the hearing, the trial court found that Appellant had violated her terms of community supervision by

- failing to report as directed for July and September 2015;

- failing to provide her community supervision officer with proof of employment and earnings;

- failing to complete community service for the months of July and August 2015 and any months thereafter;

- testing positive for methamphetamine, cocaine, and THC on July 31, 2015 and by testing positive to methamphetamine on August 25, 2015;

3

- leaving Cooke County without permission; and

- failing to attend any AA/NA meetings when instructed to attend four such meetings a week on August 25, 2015.

The trial court's judgment provides that when the trial judge asked Appellant whether she "had anything to say why said sentence should not be pronounced," she "answered nothing in bar thereof." The record does not reflect that precise use of statutory terminology,[5] but it does show that Appellant had two opportunities to raise her sentencing complaint after the trial court revoked her DACS and adjudicated her guilt,

> [THE COURT:] Do you understand, [Appellant], that it now becomes my duty to sentence you?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Do you have anything further to say before you're sentenced?
>
> THE DEFENDANT: No, Your Honor.
>
> THE COURT: The Court having revoked the Defendant's deferred adjudication, having found the Defendant now guilty of the third-degree felony of credit card abuse committed against an elderly individual, sentences the Defendant . . . to confinement in the Institutional Division of the Texas Department of Criminal Justice for ten years.
>
> State prepare the paperwork.
>
> A deferred adjudication was an unwarranted gift to someone that has seven prior felony convictions. And you did not take probation seriously[.] I sentence you to the full ten years.
>
> Get me the paperwork.

---

[5] *See* Tex. Code Crim. Proc. Ann. art. 42.07 (West 2006).

(Recess taken.)

(Open court, Defendant present/no jury.)

THE COURT: In Cause No. 14-00431, State of Texas versus [Appellant].

***[Appellant], do you have anything further to say before I formally sentence you?***

***THE DEFENDANT: No, Your Honor.***

THE COURT: The Court having found the allegation that the Defendant violated Term 3, Term 7, Term 10, Term 13, Term 20 and Term 30 to be true, the Court revokes the Defendant's deferred adjudication and adjudicates and finds the Defendant guilty of the third-degree felony offense of credit card abuse against an elderly individual.

It is the order of this Court that the Defendant is sentenced to ten years' confinement in the Institutional Division of the Texas Department of Criminal Justice. Defendant will receive credit as reflected in the judgment.

Anything further from the State?

[Prosecutor]: No, Your Honor.

***THE COURT: From the Defendant?***

***[Defense Counsel]: No, Your Honor.*** [Emphasis added.]

Appellant did not file a motion for new trial.

## No Abuse of Discretion

We review an order revoking community supervision for an abuse of discretion.[6] In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated the terms and

---

[6]*Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984).

5

conditions of community supervision.[7] The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling.[8] If the State fails to meet its burden of proof, the trial court abuses its discretion by revoking the community supervision.[9] Proof by a preponderance of the evidence of any *one* of the alleged violations of the conditions of community supervision is sufficient to support a revocation order.[10]

Appellant does not challenge the sufficiency of the evidence supporting the violations but does complain of the revocation. The community supervision officer's testimony about Appellant's positive drugs tests provided proof by a preponderance of the evidence of the violation.[11] Further, Appellant was afforded due process; she had the "opportunity to show . . . that there was a justifiable excuse for any violation [and] that revocation [was] not the appropriate disposition."[12] The trial court therefore did not abuse its discretion by revoking

---

[7]*Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993).

[8]*Cardona*, 665 S.W.2d at 493; *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981).

[9]*Cardona*, 665 S.W.2d at 493–94.

[10]*Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980).

[11]*See Moore*, 605 S.W.2d at 926; *Sanchez*, 603 S.W.2d at 871.

[12]*Black v. Romano*, 471 U.S. 606, 612, 105 S. Ct. 2254, 2258 (1985).

6

her DACS and adjudicating her guilty.

Appellant forfeited her sentencing complaint by not raising it when she had the opportunity in the trial court or in a motion for new trial.[13] As she concedes, however, her ten-year sentence is within the range of punishment for her offense.[14] We overrule Appellant's sole issue.

**Conclusion**

Because the trial court did not abuse its discretion or violate Appellant's rights to due process by revoking her DACS and because Appellant forfeited her sentencing complaint, we affirm the trial court's judgment.

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL:  DAUPHINOT, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 25, 2016

---

[13]*See* Tex. Code Crim. Proc. Ann. art. 42.07; *Hicks v. State*, 415 S.W.3d 587, 588 (Tex. App.—Fort Worth 2013, no pet.).

[14]*See* Tex. Penal Code Ann. §§ 12.34, 32.31(b), (d).