**David Allen RUSSELL, Appellant,**

v.

**The STATE of Texas, State.**

**Nos. 02–10–00161–CR, 02–10–00162–CR.**

Court of Appeals of Texas,
Fort Worth.

April 7, 2011.

Wade Tyler "W. Ty" Wilson, Fort Worth, TX, for Appellant.

Joe Shannon, Jr., Criminal District Attorney; Charles M. Mallin, Chief of the Appellate Section; Sharon A. Johnson, David Hagerman, Assistant Criminal District Attorneys; for Tarrant County, Fort Worth, TX, for State.

PANEL: DAUPHINOT, MEIER, and GABRIEL, JJ.

## OPINION

BILL MEIER, Justice.

The trial court adjudicated Appellant David Allen Russell guilty of two counts of indecency with a child by contact in cause 0747847D and two counts of indecency with a child by contact in cause 0750351D on his pleas of true to allegations that he had violated the terms and conditions of his deferred adjudication community supervision. The trial court sentenced Russell to fifteen years' confinement in each cause. In a single issue, Russell argues that his fifteen-year sentences violate the Eighth Amendment's prohibition against grossly disproportionate sentences.[1] We will affirm.

This court stated the following in *Kim v. State:*

> It is axiomatic that errors that are asserted on the part of the trial court must generally be brought to the trial court's attention in order to afford the trial court an opportunity to correct the error, if any. To preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired.

> Kim's complaint about the alleged disproportionality of his sentence was not raised at the time it was imposed or in a motion for new trial. Therefore, he preserved nothing for our review.

283 S.W.3d 473, 475 (Tex.App.-Fort Worth 2009, pet. ref'd) (citations omitted).

Similarly, here, Russell did not assert any objection when the trial court sentenced him to fifteen years' confinement in

---

1. Indecency with a child by contact, a second-degree felony, is punishable by a term of imprisonment of not more than twenty years or less than two years. Tex. Penal Code Ann. §§ 12.33(a), 21.11(d) (Vernon Supp.2010).

**528**

each cause, nor did he file a motion for new trial in either cause raising the disproportionality argument that he asserts now in this appeal. Consequently, Russell failed to preserve this issue for appellate review.[2] *See id.; Noland v. State,* 264 S.W.3d 144, 151–52 (Tex.App.-Houston [1st Dist.] 2007, pet. ref'd) (holding that appellant failed to preserve argument that sentence was grossly disproportionate to offense); *Wynn v. State,* 219 S.W.3d 54, 61 (Tex.App.-Houston [1st Dist.] 2006, no pet.) (same); *Smith v. State,* 10 S.W.3d 48, 49 (Tex.App.-Texarkana 1999, no pet.) (same); *Kahn v. State,* No. 05–08–01223–CR, 2010 WL 2293411, at *7–8 (Tex.App.-Dallas June 9, 2010, no pet.) (not designated for publication) (same); *see also Mercado v. State,* 718 S.W.2d 291, 296 (Tex.Crim. App.1986) ("As a general rule, an appellant may not assert error pertaining to his sentence or punishment where he failed to object or otherwise raise such error in the trial court."). We overrule Russell's sole issue and affirm the trial court's judgments.

DAUPHINOT, J., filed a concurring opinion.

GABRIEL, J., concurs without opinion.

LEE ANN DAUPHINOT, Justice, concurring.

For the reasons expressed in my concurrence to the majority opinion in *Laboriel–Guity v. State*[1] and in my concurring and dissenting opinion to the majority opinion in *Kim v. State,*[2] I cannot join the majority

---

2. We decline Russell's unsupported invitation "to treat the Eighth Amendment issues similar to those regarding ineffective assistance of counsel."

1. 336 S.W.3d 754, 757–59 (Tex.App.-Fort Worth 2011, pet. filed) (Dauphinot, J., concurring).

opinion's rationale here but must respectfully concur only in the result.

---

2. 283 S.W.3d 473, 476–79 (Tex.App.-Fort Worth 2009, pet. ref'd) (Dauphinot, J., concurring and dissenting).