COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00530-CR


 
 
 Johnny Brian Odoms
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM Criminal
District Court No. 3 OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

Appellant
Johnny Brian Odoms pled guilty to fraudulent use of identifying information,
and the trial court sentenced him to ten years’ confinement.  In a single
issue, Appellant argues that his sentence violates the state and federal
constitutional prohibitions against grossly disproportionate sentences.[2] 
We affirm.

In Kim
v. State, this court stated the following:

It is axiomatic that
errors that are asserted on the part of the trial court must generally be
brought to the trial court’s attention in order to afford the trial court an
opportunity to correct the error, if any.  To preserve for appellate review a
complaint that a sentence is grossly disproportionate, constituting cruel and
unusual punishment, a defendant must present to the trial court a timely
request, objection, or motion stating the specific grounds for the ruling
desired.

 

Kim’s complaint about
the alleged disproportionality of his sentence was not raised at the time it
was imposed or in a motion for new trial. Therefore, he preserved nothing for
our review.

283
S.W.3d 473, 475 (Tex. App.––Fort Worth 2009, pet. ref’d) (citations omitted). 
We reaffirmed Kim’s holding in Russell v. State, 341 S.W.3d 526, 527–28
(Tex. App.––Fort Worth 2011, no pet.).

Similarly,
here, Appellant did not assert any objection when the trial court sentenced him
to ten years’ confinement, nor did he file a motion for new trial thereby raising
the disproportionality argument that he now asserts in this appeal.
Consequently, we hold that Appellant has failed to preserve this issue for our
review.  See id.; Laboriel-Guity v. State, 336 S.W.3d 754, 756
(Tex. App.––Fort Worth 2011, pet. ref’d); Kim, 283 S.W.3d at 475; Wynn
v. State, 219 S.W.3d 54, 61 (Tex. App.––Houston [1st Dist.] 2006, no pet.);
Smith v. State, 10 S.W.3d 48, 49 (Tex. App.––Texarkana 1999, no pet.); see
also Mercado v. State, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986) (“As a
general rule, an appellant may not assert error pertaining to his sentence or
punishment where he failed to object or otherwise raise such error in the trial
court.”).  We overrule Appellant’s sole issue and affirm the trial court’s
judgment.

 

 

LEE GABRIEL
JUSTICE

 

PANEL: 
MCCOY,
MEIER, and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  October 11, 2012








 



 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00530-CR

 

 









 
 
 Johnny
 Brian Odoms
  
  
  
 v.
  
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From Criminal District
 Court No. 3
  
 of
 Tarrant County (1207856D)
  
 October
 11, 2012
  
 Opinion
 by Justice Gabriel
  
 (nfp)
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed. 

 

SECOND DISTRICT COURT OF APPEALS 








 

 

 

 

By_________________________________

   
Justice Lee Gabriel








 

 









[1]See Tex. R. App. P. 47.4.





[2]Fraudulent use of
identifying information is a second-degree felony, punishable by a term of
imprisonment of not more than twenty years or less than two years. Tex. Penal
Code Ann. §§ 12.33(a) (West 2011), 32.51(c)(3) (West Supp. 2012).