

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00530-CR

JOHNNY BRIAN ODOMS                                        APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

----------

### MEMORANDUM OPINION[1]

----------

Appellant Johnny Brian Odoms pled guilty to fraudulent use of identifying information, and the trial court sentenced him to ten years' confinement. In a single issue, Appellant argues that his sentence violates the state and federal

---

[1]*See* Tex. R. App. P. 47.4.

constitutional prohibitions against grossly disproportionate sentences.[2] We affirm.

In *Kim v. State*, this court stated the following:

> It is axiomatic that errors that are asserted on the part of the trial court must generally be brought to the trial court's attention in order to afford the trial court an opportunity to correct the error, if any. To preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired.
>
> Kim's complaint about the alleged disproportionality of his sentence was not raised at the time it was imposed or in a motion for new trial. Therefore, he preserved nothing for our review.

283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd) (citations omitted). We reaffirmed *Kim's* holding in *Russell v. State*, 341 S.W.3d 526, 527–28 (Tex. App.—Fort Worth 2011, no pet.).

Similarly, here, Appellant did not assert any objection when the trial court sentenced him to ten years' confinement, nor did he file a motion for new trial thereby raising the disproportionality argument that he now asserts in this appeal. Consequently, we hold that Appellant has failed to preserve this issue for our review. *See id*.; *Laboriel-Guity v. State*, 336 S.W.3d 754, 756 (Tex. App.—Fort Worth 2011, pet. ref'd); *Kim*, 283 S.W.3d at 475; *Wynn v. State*, 219 S.W.3d 54, 61 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *Smith v. State*, 10 S.W.3d 48,

---

[2]Fraudulent use of identifying information is a second-degree felony, punishable by a term of imprisonment of not more than twenty years or less than two years. Tex. Penal Code Ann. §§ 12.33(a) (West 2011), 32.51(c)(3) (West Supp. 2012).

49 (Tex. App.—Texarkana 1999, no pet.); *see also Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986) ("As a general rule, an appellant may not assert error pertaining to his sentence or punishment where he failed to object or otherwise raise such error in the trial court."). We overrule Appellant's sole issue and affirm the trial court's judgment.

LEE GABRIEL
JUSTICE

PANEL:  MCCOY, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  October 11, 2012