

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00499-CR

| | | |
|---|---|---|
| Devin Ray Pollard | § | From the 432nd District Court |
| | § | of Tarrant County (1204918D) |
| v. | § | November 8, 2012 |
| | § | Per Curiam |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

SECOND DISTRICT COURT OF APPEALS

PER CURIAM



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00496-CR
### NO. 02-11-00497-CR
### NO. 02-11-00498-CR
### NO. 02-11-00499-CR
### NO. 02-11-00500-CR

DEVIN RAY POLLARD                                                       APPELLANT

V.

THE STATE OF TEXAS                                                            STATE

----------

## FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### Introduction

Appellant Devin Ray Pollard pled guilty without a plea bargain to three counts of aggravated robbery with a deadly weapon and two counts of

---

[1]*See* Tex. R. App. P. 47.4.

aggravated sexual assault by threat, and he pled true to identical repeat-offender-enhancement paragraphs contained in each charge. After reviewing a pre-sentence investigation, the trial court sentenced Appellant to seventy-five years' confinement in each case to run concurrently. Appellant now contends that his punishment violates the Eighth Amendment because it is grossly disproportionate to the offenses for which he stands convicted. We affirm.

## Background Facts and Procedural History

Appellant pled guilty to the trial court and admitted that on a day in May 2010 he committed three aggravated robberies with a firearm and two aggravated sexual assaults by threat while exhibiting a firearm. He admitted that he and a codefendant planned to rob two women at an apartment, went to the apartment, took from it a big-screen television, a game device, and a cell phone; that he sexually assaulted each woman by jamming a finger and the barrel of a handgun into their sexual organs; and that he also threatened to kill one woman's seven-year old daughter if the child did not keep quiet.

## Discussion

A complaint that a sentence is unconstitutionally excessive must be preserved by objection or motion for new trial. *See Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (concluding that even constitutional rights may be forfeited, including the right to be free from cruel and unusual punishment). Our review of the record shows that Appellant did not take either of these measures to preserve his complaint. Therefore, he has failed to preserve his

complaint for review. *See* Tex. R. App. P. 33.1(a); *Russell v. State*, 341 S.W.3d 526, 527–28 (Tex. App.—Fort Worth 2011, no pet.).

But even if Appellant had preserved his claim, we would hold that these sentences are not disproportionate to the offenses he admitted committing. To assess proportionality, we first make a threshold comparison of the offense against the severity of the sentence. *Moore v. State*, 54 S.W.3d 529, 542 (Tex. App.—Fort Worth 2001, pet. ref'd) (citing *Solem v. Helm*, 463 U.S. 277, 291–92, 103 S. Ct. 3001, 3010 (1983) and *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir.), *cert. denied*, 506 U.S. 849 (1992)). Only if we determine that the sentence is grossly disproportionate to the offense do we need to consider whether the sentence is comparable to sentences imposed upon other criminals in the same jurisdiction and sentences imposed for commission of the same crime in other jurisdictions. *Id.*; *see McGruder*, 954 F.2d at 316; *Culton v. State*, 95 S.W.3d 401, 403 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd); *see also Phillips v. State*, No. 02-10-00171-CR, 2011 WL 946976, at *1 (Tex. App.—Fort Worth Mar. 17, 2011, no pet.) (mem. op., not designated for publication).

In making our threshold inquiry, we judge the gravity of the offense in light of the harm caused or threatened to the victim or society, and the culpability of the offender. *Solem*, 463 U.S. at 291–92, 103 S. Ct. at 3010; *Moore*, 54 S.W.3d at 542. Here, Appellant pled guilty to multiple counts of aggravated felonies including aggravated sexual assault by exhibiting a weapon and aggravated robbery with a deadly weapon. Each of these is a first-degree felony. *See* Tex.

3

Penal Code Ann. §§ 22.021(e), 29.03 (West Supp. 2012). Thus, they are within the second most serious category of offenses in Texas, capital offenses being the most serious. The range for a first-degree felony is five years to 99 years or life in prison with a $10,000 fine. *Id.* § 12.32 (West 2011). The trial court sentenced Appellant to seventy-five years in each case. In general, when the sentence imposed is within the proper range of punishment, the trial court has a great deal of discretion and the sentence will not be disturbed on appeal. *See Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984).

The record shows that Appellant robbed and sexually assaulted two women at gunpoint in one of the women's home. He made them strip off their clothes and perform oral sex, he hit one of them with a gun when she appeared not to sufficiently cooperate, he threatened to kill the child of one of them, and he penetrated their sexual organs with the barrel of a firearm while the child watched, huddled in a ball and shaking. Based on the facts in the record in these cases, we hold that the trial court did not abuse its discretion in sentencing Appellant to seventy-five years' confinement for each offense. *See Phillips*, 2011 WL 946976, at *1 (affirming a thirty-year prison sentence for one count of aggravated sexual assault of a child); *Miles v. State*, Nos. 02-09-00251-CR, 02-09-00252-CR, 02-09-00253-CR, 02-09-00254-CR, 02-09-00255-CR, 02-09-00256-CR, 2010 WL 1730862, at *1 (Tex. App.—Fort Worth Apr. 29, 2010, pet. ref'd) (mem. op., not designated for publication) (affirming sixty-five-year sentence for six counts of aggravated robbery); *Chappel v. State*, No. 05-97-

4

00710-CR, 1998 WL 832112, at \*1 (Tex. App.—Dallas Dec. 3, 1998, no pet.) (not designated for publication) ("Considering appellant's criminal history and the serious nature of appellant's current offense, we cannot conclude that the punishment was grossly disproportionate to the offense."). Accordingly, we overrule Appellant's sole point on appeal.

## Conclusion

Having overruled Appellant's sole point on appeal, we affirm the trial court's judgment.

PER CURIAM

PANEL: GABRIEL, MCCOY and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: November 8, 2012