02-11-496 THRU 500-CR













 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO.
02-11-00500-CR

 


 
 
 Devin Ray Pollard
  
  
  
 v.
  
  
  
 The State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From the 432nd District Court
  
 of
 Tarrant County (1204919D)
  
 November
 8, 2012
  
 Per Curiam
  
 (nfp)
 
 


 

 

JUDGMENT

 

          This court has considered the record
on appeal in this case and holds that there was no error in the trial court’s
judgment.  It is ordered that the
judgment of the trial court is affirmed.

 

SECOND DISTRICT
COURT OF APPEALS

 

 

 

PER CURIAM

 



 








 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

NO. 02-11-00496-CR

NO.
02-11-00497-CR

NO.
02-11-00498-CR

NO.
02-11-00499-CR

NO.
02-11-00500-CR

 


 
 
 Devin Ray Pollard
 
 
  
 
 
 APPELLANT
 
 
 
 
 V.
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE
432nd District Court OF Tarrant
COUNTY

----------

MEMORANDUM
OPINION[1]

----------

Introduction

Appellant
Devin Ray Pollard pled guilty without a plea bargain to three counts of
aggravated robbery with a deadly weapon and two counts of aggravated sexual
assault by threat, and he pled true to identical repeat-offender-enhancement
paragraphs contained in each charge.  After
reviewing a pre-sentence investigation, the trial court sentenced Appellant to
seventy-five years’ confinement in each case to run concurrently.  Appellant now contends that his punishment violates
the Eighth Amendment because it is grossly disproportionate to the offenses for
which he stands convicted.  We affirm.

Background Facts and Procedural History

Appellant
pled guilty to the trial court and admitted that on a day in May 2010 he committed
three aggravated robberies with a firearm and two aggravated sexual assaults by
threat while exhibiting a firearm.  He
admitted that he and a codefendant planned to rob two women at an apartment,
went to the apartment, took from it a big-screen television, a game device, and
a cell phone; that he sexually assaulted each woman by jamming a finger and the
barrel of a handgun into their sexual organs; and that he also threatened to kill
one woman’s seven-year old daughter if the child did not keep quiet.

Discussion

A
complaint that a sentence is
unconstitutionally excessive must be preserved by objection or motion for new
trial.  See Curry v. State, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995)
(concluding that even constitutional rights may be forfeited, including the
right to be free from cruel and unusual punishment).  Our review of the record shows that Appellant
did not take either of these measures to preserve his complaint.  Therefore, he has failed to preserve his
complaint for review.  See Tex. R. App. P. 33.1(a); Russell v. State, 341 S.W.3d 526, 527–28
(Tex. App.––Fort Worth 2011, no pet.).

But
even if Appellant had preserved his claim, we would hold that these sentences are not disproportionate to the offenses he
admitted committing.  To assess
proportionality, we first make a threshold comparison of the offense against
the severity of the sentence.  Moore v. State, 54 S.W.3d 529, 542
(Tex. App.—Fort Worth 2001, pet. ref’d) (citing Solem v. Helm, 463 U.S. 277,
291–92, 103 S. Ct. 3001, 3010 (1983) and McGruder v. Puckett, 954 F.2d
313, 316 (5th Cir.), cert. denied,
506 U.S. 849 (1992)).  Only if we
determine that the sentence is grossly disproportionate to the offense do we
need to consider whether the sentence is comparable to sentences imposed upon
other criminals in the same jurisdiction and sentences imposed for commission
of the same crime in other jurisdictions. 
Id.; see McGruder, 954 F.2d at
316; Culton v. State, 95 S.W.3d 401, 403
(Tex. App.—Houston [1st Dist.] 2002, pet. ref’d); see also Phillips v. State, No.
02-10-00171-CR, 2011 WL 946976, at *1 (Tex. App.—Fort Worth Mar. 17, 2011, no
pet.) (mem. op., not
designated for publication).

In
making our threshold inquiry, we judge the gravity of the offense in light of
the harm caused or threatened to the victim or society, and the culpability of
the offender.  Solem, 463 U.S. at 291–92,
103 S. Ct. at 3010; Moore, 54 S.W.3d at 542.

  Here,
Appellant pled guilty to multiple counts of aggravated felonies including
aggravated sexual assault by exhibiting a weapon and aggravated robbery with a
deadly weapon.  Each of these is a first-degree
felony.  See Tex. Penal Code Ann.
§§ 22.021(e),
29.03 (West Supp. 2012).  Thus, they are
within the second most serious category of offenses in Texas, capital offenses
being the most serious.  The range for a
first-degree felony is five years to 99 years or life in prison with a $10,000
fine.  Id. §
12.32 (West 2011).  The trial
court sentenced Appellant to seventy-five years in each case.  In general, when the sentence imposed is within the proper range of punishment, the
trial court has a great deal of discretion and the sentence will not be disturbed on appeal.  See Jackson v. State, 680
S.W.2d 809, 814 (Tex. Crim. App. 1984).

The
record shows that Appellant robbed and sexually assaulted two women at gunpoint
in one of the women’s home.  He made them
strip off their clothes and perform oral sex, he hit one of them with a gun
when she appeared not to sufficiently cooperate, he threatened to kill the
child of one of them, and he penetrated their sexual organs with the barrel of
a firearm while the child watched, huddled in a ball and shaking.  Based on the facts in the record in these
cases, we hold that the trial court did not abuse its discretion in sentencing
Appellant to seventy-five years’ confinement for each offense.  See
Phillips, 2011 WL 946976, at *1 (affirming a thirty-year prison sentence
for one count of aggravated sexual assault of a child); Miles v. State, Nos. 02-09-00251-CR, 02-09-00252-CR, 02-09-00253-CR,
02-09-00254-CR, 02-09-00255-CR, 02-09-00256-CR, 2010 WL 1730862, at *1 (Tex.
App.—Fort Worth Apr. 29, 2010, pet. ref’d) (mem. op.,
not designated for publication) (affirming sixty-five-year sentence for six
counts of aggravated robbery); Chappel v. State,
No. 05-97-00710-CR, 1998 WL 832112, at *1 (Tex. App.—Dallas Dec. 3, 1998, no
pet.) (not designated for publication) (“Considering
appellant’s criminal history and the serious nature of appellant’s current
offense, we cannot conclude that the punishment was grossly disproportionate to
the offense.”).  Accordingly, we overrule
Appellant’s sole point on appeal.

Conclusion

Having
overruled Appellant’s sole point on appeal, we affirm the trial court’s
judgment.

 

PER CURIAM

PANEL:  GABRIEL, MCCOY
and MEIER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  November 8, 2012








 











[1]See
Tex. R. App. P. 47.4.