

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-16-00325-CR
## NO. 02-16-00326-CR

OMAR FAHMAWI                                  APPELLANT

V.

THE STATE OF TEXAS                              STATE

----------

## FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY
### TRIAL COURT NOS. 1421857D, 1421858D

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Omar Fahmawi of possessing between one and four grams of heroin, found the habitual-offender allegation true, and assessed his punishment at forty-two years' confinement. The jury also convicted Fahmawi of possessing, with intent to deliver, less than twenty-eight grams of alprazolam, found the enhancement allegation true, and assessed his

---

[1]*See* Tex. R. App. P. 47.4.

punishment at twenty years' confinement. In two issues, Fahmawi argues that his sentences are unconstitutionally disproportionate to the offenses he committed and that the trial court erred by overruling his hearsay and confrontation objections to certain evidence. We will affirm.

On July 16, 2015, at around 1:30 p.m., authorities responded to a single-vehicle accident on I-20 in Arlington. Only two people were in the vehicle, and one of the responding officers suspected that Fahmawi, who was slurring his speech, had been driving. Fahmawi sustained injuries in the accident and was transported to the hospital by ambulance. When the hospital staff examined Fahmawi for injuries, they removed his pants, and two prescription pill bottles and a cell phone fell from his boxers. One of the bottles contained what was later confirmed to be 1.08 grams of heroin. The other contained what was later confirmed to be 8.49 grams of alprazolam (Xanax) tablets. Fahmawi also had a second cell phone and $347 in cash in his possession.

In his first issue, Fahmawi argues that his sentences violate the Eighth Amendment's prohibition against grossly disproportionate sentences. We have consistently held that this complaint must be preserved for appellate review by first raising it in the trial court via a timely request, objection, or motion. *See, e.g., Simmons v. State*, No. 02-16-00092-CR, 2016 WL 4474850, at *1 (Tex. App.—Fort Worth Aug. 25, 2016, no pet.) (mem. op., not designated for publication); *Russell v. State*, 341 S.W.3d 526, 527–28 (Tex. App.—Fort Worth 2011, no pet.); *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009,

2

pet. ref'd). Other courts hold similarly. *See, e.g.*, *Martinez v. State*, No. 01-16-00520-CR, 2017 WL 2806788, at *2 (Tex. App.—Houston [1st Dist.] June 29, 2017, no pet. h.) (mem. op., not designated for publication); *Sims v. State*, No. 05-16-00669-CR, 2017 WL 2224543, at *1 (Tex. App.—Dallas May 22, 2017, no pet.) (mem. op., not designated for publication); *Simmons v. State*, No. 03-14-00707-CR, 2017 WL 1130372, at *4 (Tex. App.—Austin Mar. 23, 2017, no pet.) (mem. op., not designated for publication); *Terrazas v. State*, No. 11-16-00076-CR, 2017 WL 730262, at *1 (Tex. App.—Eastland Feb. 16, 2017, no pet.) (mem. op., not designated for publication). Fahmawi did not assert any objection when the trial court sentenced him in each cause, nor did he file a motion for new trial in either cause raising this disproportionality argument. Fahmawi therefore forfeited this issue for appellate review.[2] *See Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986) ("As a general rule, an appellant may not assert error pertaining to his sentence or punishment where he failed to object or otherwise raise such error in the trial court."). We overrule Fahmawi's first issue.

In his second issue, Fahmawi argues that the trial court erred by overruling his hearsay and confrontation objections to the portion of a 911 recording in which the caller stated that Fahmawi was "beating on a girl." A person called 911 to report that someone was driving a vehicle erratically and hitting another person inside of the vehicle. The trial court admitted the exhibit for record

---

[2]Fahmawi directs us to Justice Dauphinot's dissenting opinions on this topic, but her reasoning in those opinions is as unconvincing now as it was then.

purposes only. The trial court also admitted another 911 call that was made by the same person who had made the first 911 call. The caller began by stating, "I called a minute ago about a guy beating on a girl . . . ." The caller, who did not testify at trial, went on to report that the car that she had mentioned in the first call had crashed. The trial court admitted the exhibit for all purposes. Fahmawi challenges the statement made by the caller in the second 911 call, not the first.

Hearsay and Confrontation-Clause objections are two separate issues, governed by different standards of review. *See Wall v. State*, 184 S.W.3d 730, 742–43 (Tex. Crim. App. 2006). Hearsay invokes evidentiary rules, while the Confrontation Clause invokes constitutional rights. *Infante v. State*, 404 S.W.3d 656, 662 (Tex. App.—Houston [1st Dist.] 2012, no pet.). We therefore review the trial court's ruling to admit evidence for an abuse of discretion, but we review a constitutional ruling de novo. *Davis v. State*, 329 S.W.3d 798, 803 (Tex. Crim. App. 2010), *cert. denied*, 565 U.S. 830 (2011); *Wall*, 184 S.W.3d at 742.

Hearsay is a statement, other than one made by the declarant while testifying at trial, offered in evidence to prove the truth of the matter asserted. Tex. R. Evid. 801(d). The record plainly demonstrates that the State did not offer the 911 recording for the purpose of proving that Fahmawi was "beating on a girl." Rather, it offered the 911 call to contextualize the responding officer's testimony regarding where she was, what she saw, what information she had, and why she did certain things, including deciding that Fahmawi required medical attention at the hospital. Because the statement was not hearsay, the trial court

4

did not abuse its discretion by admitting it.[3]  We overrule this part of Fahmawi's second issue.

The Confrontation Clause does not apply to all out-of-court statements introduced at trial; it applies only to hearsay that is testimonial in nature.  *See Sanchez v. State*, 354 S.W.3d 476, 485 (Tex. Crim. App. 2011).  Testimonial statements are inadmissible at trial unless the witness who made them either takes the stand to be cross-examined or is unavailable and the defendant had a prior opportunity to cross-examine the witness.  *Crawford v. Washington*, 541 U.S. 36, 54, 124 S. Ct. 1354, 1366 (2004).  In determining whether a statement is testimonial, we review the objective purpose of the statement, not the declarant's expectations.  *Coronado v. State*, 351 S.W.3d 315, 324 (Tex. Crim. App. 2011).  Statements are testimonial when the circumstances objectively indicate that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.  *Id.*  In contrast, statements are nontestimonial when "the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency."  *Davis v. Washington*, 547 U.S. 813, 822, 126 S. Ct. 2266, 2273 (2006).

The 911 caller's statement that Fahmawi was "beating on a girl" was not made pursuant to police questioning or interrogation, nor was it made to establish or to prove past events potentially relevant to later criminal prosecution.

---

[3]In any event, the statement was harmless.  *See* Tex. R. App. P. 44.2(b); *Solomon v. State*, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001).

Clearly, the objective purpose of the statement was to obtain police assistance in response to an ongoing emergency—Fahmawi crashing his vehicle. *See id.* at 822, 126 S. Ct. at 2273. Therefore, the statement was not testimonial, and the trial court did not err by denying Fahmawi's Confrontation-Clause objection. We overrule the remainder of Fahmawi's second issue.

Having overruled Fahmawi's two issues, we affirm the trial court's judgment.

/s/ Bill Meier
BILL MEIER
JUSTICE

PANEL: MEIER, SUDDERTH, and KERR, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 20, 2017