

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-21-00123-CR

ROCKY ALLEN WILSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 2128391

Before Morriss, C.J., Stevens and Carter,* JJ.
Memorandum Opinion by Justice Stevens

_____
*Jack Carter, Justice, Retired, Sitting by Assignment

## MEMORANDUM OPINION

Rocky Allen Wilson entered an open plea of guilty to the offense of stalking and a plea of true to the State's punishment enhancement allegation. *See* TEX. PENAL CODE ANN. § 42.072. During a bench trial on punishment, the evidence showed that Wilson had sexually assaulted a child while on probation for sexual assault of a child, was sentenced to twenty years' imprisonment, was released on parole, but was later returned to prison after he was caught engaging in a relationship with a minor. After hearing this evidence, the trial court sentenced Wilson to twenty years' imprisonment and imposed a $10,000.00 fine.

In his sole issue on appeal, Wilson argues that the trial court's sentence, while within the proper punishment range, was excessive and disproportionate under the circumstances of the case. We find that Wilson failed to preserve his sole point of error for our review. As a result, we affirm the trial court's judgment.

An appellant who claims that his sentence is excessive and disproportionate is not excused from preserving the error. *See Stewart v. LaGrand*, 526 U.S. 115, 119 (1999) (per curiam) (appellant waived Eighth Amendment complaint); *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996); *Duren v. State*, 87 S.W.3d 719, 732 (Tex. App.—Texarkana 2002, pet. struck). "To preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired." *Davis v. State*, 614 S.W.3d 223, 232 (Tex. App.—Texarkana 2020, no pet.) (quoting *Navarro v.*

*State*, 588 S.W.3d 689, 690 (Tex. App.—Texarkana 2019, no pet.) (quoting *Russell v. State*, 341 S.W.3d 526, 527 (Tex. App.—Fort Worth 2011, no pet.))).

Here, Wilson did not raise an excessive or disproportionate punishment complaint when the trial court imposed his sentence, in a motion for a new trial, or in any other type of post-verdict motion. As a result, Wilson has failed to preserve his sole point of error for review. As a reviewing court, we should not address the merits of an issue that has not been preserved for appeal. *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (op. on reh'g) (per curiam); *Navarro v. State*, 588 S.W.3d 689, 690 (Tex. App.—Texarkana 2019, no pet.). We overrule Wilson's sole point of error.

We affirm the trial court's judgment.

Scott E. Stevens
Justice

Date Submitted:    February 2, 2022
Date Decided:    March 3, 2022

Do Not Publish