

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00020-CR
No. 02-22-00021-CR

———————————————

SHAWN CHARLES WILLIAMS, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court Nos. 1513328D, 1612255D

Before Kerr, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

Appellant Shawn Williams appeals his sentences of eight years' imprisonment for the offenses of evading arrest with a vehicle and assault of a family member by impeding breathing or circulation.[1] In a single issue, Williams asserts that his sentences are grossly disproportionate to the offenses. We will affirm.

### I. Background

In November 2017, Williams pleaded guilty to evading arrest with a vehicle, a third-degree felony. Williams received deferred adjudication and was placed on three years' probation.

In November 2019, Williams was indicted for another third-degree felony— assault of a family member by impeding breathing or circulation. As a result, in October 2020 the State filed a petition to proceed to adjudication on the prior evading-arrest offense. This petition included seven paragraphs detailing Williams's alleged violations of his probation terms. Williams pleaded "true" to three of these paragraphs, which alleged that he had assaulted a family member by impeding her breathing, had been arrested for public intoxication, and had consumed alcohol. Williams also pleaded guilty to the offense of assaulting a family member by impeding her breathing.

---

[1]Each offense was charged in a separate cause number. These separate causes have been consolidated on appeal.

At the sentencing hearing, the trial court—based on Williams's pleas—found him guilty of both evading arrest with a vehicle and assaulting a family member by impeding her breathing and sentenced him to eight years in prison for each offense.[2] This appeal followed.

## II. Discussion

On appeal, Williams raises a single issue, arguing that his eight-year prison sentences are grossly disproportionate to the offenses for which he was convicted. The State counters that Williams has failed to preserve this issue and, even if it were preserved, the sentences, which are within the statutory limits, are not grossly disproportionate. Thus, as a threshold matter, we must determine whether Williams has preserved his disproportionality argument for appellate review.

"It is well settled that almost every right, constitutional and statutory, may be waived by the failure to object." *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986). To preserve a complaint for appellate review, the record must show that the appellant presented a timely request, objection, or motion to the trial court stating the specific grounds for the ruling desired. Tex. R. App. P. 33.1(a); *Lovill v. State*, 319 S.W.3d 687, 691 (Tex. Crim. App. 2009). This rule holds true for a complaint that a sentence is grossly disproportionate. *Russell v. State*, 341 S.W.3d 526, 527–28 (Tex.

---

[2]These sentences, which are to run concurrently, are within the prescribed statutory range of two to ten years' imprisonment for each offense. *See* Tex. Penal Code Ann. §§ 12.34(a), 22.01(b)(2)(B), 38.04(b)(2)(A).

App.—Fort Worth 2011, no pet.); *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd); *see also Fahmawi v. State*, Nos. 02-16-00325-CR, 02-16-00326-CR, 2017 WL 3081217, at *1 (Tex. App.—Fort Worth July 20, 2017, no pet.) (mem op., not designated for publication) ("We have consistently held that [a disproportionate-sentence] complaint must be preserved for appellate review by first raising it in the trial court via a timely request, objection, or motion."). Because Williams did not object when the trial court sentenced him or file a motion for new trial raising his disproportionality argument, he has forfeited this issue for appellate review. *See Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986) ("As a general rule, an appellant may not assert error pertaining to his sentence or punishment where he failed to object or otherwise raise such error in the trial court.").

Even if we were to assume—without deciding—that the issue had been preserved, we still must overrule Williams's disproportionality argument on the merits. As Williams acknowledges in his briefing, where, as here, the assessed punishment is within the statutory limits, it is generally not subject to a challenge for excessiveness. *Kim*, 283 S.W.3d at 475 (citing *Dale v. State*, 170 S.W.3d 797, 799 (Tex. App.—Fort Worth 2005, no pet.)). Indeed, in assessing Williams's sentence, the trial court had "essentially 'unfettered'" discretion to impose any sentence within the prescribed statutory range. *Ex parte Chavez*, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006) (quoting *Miller-El v. State*, 782 S.W.2d 892, 895 (Tex. Crim. App. 1990)). Subject only to a very limited and "exceedingly rare" gross-disproportionality review, a punishment that falls

4

within the legislatively prescribed range and that is based upon the sentencer's informed normative judgment is "unassailable" on appeal. *Id.* at 323–24. We see nothing in the appellate record that would warrant the "exceedingly rare" reversal of a sentence falling within the statutory limits. *Id.*

We overrule Williams's sole issue.

## III. Conclusion

Having overruled Williams's sole issue, we affirm the trial court's judgments.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: October 27, 2022