

# NUMBER 13-22-00154-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ESTEBAN GONZALEZ ZAMBRANO
A/K/A ESTEBAN ZAMBRANO GONZALEZ,                     Appellant,

v.

THE STATE OF TEXAS,                                              Appellee.

## On appeal from the 443rd District Court
## of Ellis County, Texas.

## MEMORANDUM OPINION

### Before Justices Benavides, Longoria, and Tijerina
### Memorandum Opinion by Justice Longoria

A jury found appellant Esteban Gonzalez Zambrano a/k/a Esteban Zambrano Gonzalez guilty of aggravated sexual assault of a child under fourteen years of age, a first-degree felony, and the trial court sentenced him to sixty years' imprisonment. *See*

TEX. PENAL CODE ANN. § 22.021. In two issues, Zambrano contends that his sentence is grossly disproportionate to the crime and inappropriate to him as an offender in violation of the Eighth Amendment of the United States Constitution and Article I, Section 13 of the Texas Constitution. *See* U.S. CONST. amend. VIII; TEX. CONST. art. I, § 13. We affirm.[1]

## I. PRESERVATION

The State contends that Zambrano failed to preserve both of his complaints challenging his sixty-year sentence as grossly disproportionate. To preserve error for appellate review, the complaining party must present a timely and specific objection to the trial court and obtain a ruling. TEX. R. APP. P. 33.1(a). A party's failure to specifically object to an alleged disproportionate or cruel and unusual sentence in the trial court or in a post-trial motion waives any error for the purposes of appellate review. *See Rusell v. State*, 341 S.W.3d 526, 527–28 (Tex. App.—Fort Worth, 2011 no pet.); *Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) ("[I]n order to preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired."); *see also Mercado v. State*, 716 S.W.2d 291, 296 (Tex. Crim. App. 1986) ("As a general rule, an appellant may not assert error pertaining to his sentence or punishment where he failed to object or otherwise raise such error in the trial court.").

At the punishment hearing, Zambrano did not object or assert either of his disproportionate-sentence claims when the trial court pronounced his sixty-year

---

[1] This case is before this Court on transfer from the Tenth Court of Appeals in Waco pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

sentence. Indeed, the trial court twice asked Zambrano whether there was a legal reason why sentence should not be imposed, and Zambrano twice responded, "No, Judge." Zambrano also stated he had "no objection" to the judgment. Furthermore, Zambrano failed to raise any disproportionate-sentence claim in a motion for new trial or other post-trial motion. Therefore, Zambrano's two issues are not preserved for our review. *See* TEX. R. APP. P. 33.1(a); *Rusell*, 341 S.W.3d at 527–28; *Noland*, 264 S.W.3d at 151; *see also Mercado*, 716 S.W.2d at 296; *Molina v. State*, No. 10-20-00078-CR, 2021 WL 4462191, *1 (Tex. App—Waco Sept. 29, 2021 no pet.) (mem. op., not designated for publication) (affirming judgment where appellant failed to preserve his grossly disproportionate sentence claims). Zambrano's issues are overruled.

## II. CONCLUSION

We affirm the judgment of the trial court.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
27th day of April, 2023.

3