

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00409-CR

JOHN JOSEPH NATAL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 207th District Court
Hays County, Texas
Trial Court No. CR-21-4591-B, Honorable Tracie Wright Reneau, Presiding

July 30, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

A jury convicted Appellant, John Joseph Natal, of Driving While Intoxicated. He pleaded "true" to three enhancement allegations, exposing him to a punishment range of 25 to 99 years or life in prison as a habitual offender.[1] Punishment was tried to the trial

---

[1] *See* TEX. PENAL CODE ANN. §§ 12.42(d) (punishment as a habitual felony offender raises the punishment range to between 25 and 99 years of confinement or for life.); 49.09(b) (providing an offense under section 49.04 (driving while intoxicated) is a third-degree felony if it is shown at trial that the defendant was previously convicted two times of any other offense relating to the operation of a motor vehicle while intoxicated).

court which imposed a forty-year sentence of confinement in prison. We overrule Appellant's five issues on appeal and affirm the judgment of the trial court.[2]

## Background

Because Appellant does not challenge the sufficiency of evidence supporting his conviction, we provide only the factual background necessary for disposition of the issues on appeal. San Marcos police officer Franco Stewart testified that he initiated a traffic stop of Appellant for failing to stop at a designated point. According to Stewart, this offense occurs when a driver fails to stop at or before a stop sign; stopping past the sign is a violation.

Upon contact, Stewart observed Appellant leaning against his vehicle, with slurred speech, glossy eyes, and the odor of alcohol on his breath. Stewart testified he saw an open container of alcohol in the vehicle. The officer initiated a DWI investigation, leading to Appellant's arrest. Blood drawn at a hospital pursuant to a warrant revealed a blood-alcohol concentration of .138 per 100 milliliters of blood, exceeding the Texas legal limit of .08.

## Analysis

### Request to Overturn *Crittenden*

Appellant contends his encounter with police was an unlawful pretextual stop and seeks "reversal or refinement of the existing law as the Texas Constitution is applied to

---

[2] This appeal was originally filed in the Third Court of Appeals and was transferred to this Court by a docket-equalization order of the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001. In the event of any conflict, we apply the transferor court's case law. TEX. R. APP. P. 41.3.

pretext stops." Appellant urges reconsideration of the Texas Court of Criminal Appeals' opinion in *Crittenden v. State*,[3] in favor of the dissenting opinion authored by Justice Baird,[4] and for an offense-specific rule that "the crime of failure to stop on the white line does not objectively justify a police stop unless the circumstances involve a safety issue such as risk to pedestrians."

Appellant candidly acknowledges that as an intermediate appellate court, we are not the appropriate court to grant the relief he seeks, and that he raises the issue as a "practice run for the Court of Criminal Appeals." We conclude that the changes Appellant seeks in existing law are for the Texas Legislature or the Texas Court of Criminal Appeals. *See Hunter v. State,* No. 14-04-00868-CR, 2005 Tex. App. LEXIS 9748, at *12–13 (Tex. App.—Houston [14th Dist.] Nov. 23, 2005, pet. ref'd) (mem. op., not designated for publication). We overrule Appellant's first issue.

Denial of Motion in Limine

By his second issue, Appellant asserts the trial court abused its discretion by denying Motion in Limine #2 Regarding Extraneous Offenses. The gist of his argument is that the testimony of a neighbor, Amanda Perez, about his alleged harassment and a resulting 9-1-1 call was more prejudicial than probative.

---

[3] 899 S.W.2d 668 (Tex. Crim. App. 1995); *see id.* at 673–74 (measuring police conduct under Art. I, § 9 of the Texas Constitution by an objective standard like that used for measuring conduct under the Fourth Amendment and holding "an objectively valid traffic stop is not unlawful under Article I, § 9, just because the detaining officer had some ulterior motive for making it.").

[4] *Crittenden,* 899 S.W.2d at 680 (Baird, J., dissenting) (arguing for the adoption of a modified objective standard and explaining under this standard, "the proper inquiry is not whether the officer could validly have made the arrest but whether *under the same circumstances a reasonable officer would have made the arrest in the absence of the invalid purpose.*") (italics in original).

3

Generally, an order in limine preserves nothing for appellate review. *Griggs v. State,* 213 S.W.3d 923, 926 n.1 (Tex. Crim. App. 2007). Although similar to a motion to suppress, a motion in limine seeks a preliminary ruling requiring the party to object when evidence is offered at trial, while a motion to suppress is a definitive ruling that does not require further objection. *State v. Nassour,* No. 03-23-00079-CR, 2023 Tex. App. LEXIS 5066, at *6–7 (Tex. App.—Austin July 13, 2023, pet. ref'd) (mem. op., not designated for publication). Because the trial court's order in limine here was a tentative or preliminary ruling and incapable of constituting reversible error, Appellant's issue is without merit.

Even if the court's ruling could be construed as on a motion to suppress, there was no abuse of discretion.[5] Rule of Evidence 403 provides in part that relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice . . . ." TEX. R. EVID. 403. "'[P]robative value' refers to the inherent probative force of an item of evidence—that is, how strongly it serves to make more or less probable the existence of a fact of consequence to the litigation—coupled with the proponent's need for that item of evidence." *Gigliobianco v. State,* 210 S.W.3d 637, 641 (Tex. Crim. App. 2006).

Appellant argues the evidence shows that Perez was "extremely disgruntled" with him without showing its relevance to the DWI charge. However, it shows the context of Perez's 9-1-1 call to police. According to officer Vincent Casillan, police responded because "there was a harassment call from Amanda Perez, driving by." Appellant made no objection to this testimony. Moreover, Perez's testimony was brief, and the defense's

---

[5] We review a trial court's decision concerning admission of evidence under the abuse-of-discretion standard. *Gray v. State*, No. 03-23-00312-CR, 2024 Tex. App. LEXIS 3777, at *13 (Tex. App.—Austin May 31, 2024, no pet.) (mem. op., not designated for publication).

cross-examination did not address any alleged negative history between Perez and Appellant. We find no abuse of discretion in permitting Perez's testimony and overrule Appellant's second issue.

Voir Dire

Appellant briefly raises his third issue, titled "improper prosecutorial voir dire." He cites a single case, and it relates to jury argument, not jury selection. Appellant concludes, "This prosecutorial overreach denied the Defendant a fair trial." We overrule Appellant's third issue because he failed to present an adequate argument.[6] Even if the complaint concerns the prosecutor's voir dire or closing argument, Appellant does not show, nor do we find, where the complaint was timely raised and ruled upon by the trial court. TEX. R. APP. P. 33.1(a).

In his fourth issue, Appellant argues that the trial court abused its discretion by allegedly prohibiting him from displaying a slide to the venire panel asking jurors to answer on a scale of 1 to 7 to indicate their agreement with the opinion, "A person who drinks and drives should be locked up!" This slide is not part of the record, nor was its substance read into the record.

The record reflects that there was a disagreement over an anticipated voir dire question when Appellant's counsel addressed the venire panel. The State objected, arguing a question pertained to punishment. The trial court suggested that Appellant's

---

[6] *See Bierwirth v. State,* No. 03-17-00314-CR, 2019 Tex. App. LEXIS 1006, at *11 (Tex. App.—Austin Feb. 13, 2019, pet. ref'd) (mem. op., not designated for publication) (holding an appellant must explain why his argument has substance, as appellate courts are not obligated to construct arguments for the parties.).

counsel "just take it down, because you're about ten minutes out . . . and then [] just ask them questions." Counsel later said, "Okay. So instead of using the slide, I'm just going to ask some questions."

We conclude the trial court did not expressly or implicitly sustain the State's objection or refuse to rule. TEX. R. APP. P. 33.1(a)(2). Furthermore, we cannot consider assertions not supported by the record. *Franklin v. State,* 693 S.W.2d 420, 431 (Tex. Crim. App. 1985) ("Mere assertions in a brief not supported by evidence in the record will not be considered on appeal."). Appellant's fourth issue is overruled.

Punishment

By his fifth issue, Appellant argues that his sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment. To preserve error, a defendant must make a timely objection or motion to the trial court. *See* TEX. R. APP. P. 33.1(a)(1); *Castaneda v. State,* 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.). Constitutional rights, including the right to be free from cruel and unusual punishment, can be waived if not timely asserted in the trial court. *Russell v. State,* 341 S.W.3d 526, 527 (Tex. App.—Fort Worth 2011, no pet.); *see Castaneda,* 135 S.W.3d at 723. When a party fails to specifically object to an alleged disproportionate sentence at the time of sentencing or in a post-trial motion, the party waives the issue for appellate review. *Williams v. State,* 191 S.W.3d 242, 262 (Tex. App.—Austin 2006, no pet.); *Brooks v. State,* No. 07-23-00110-CR, 2024 Tex. App. LEXIS 833, at *6–7 (Tex. App.—Amarillo Feb. 1, 2024, pet. ref'd) (mem. op., not designated for publication) (citing *Rhoades v. State,* 934 S.W.2d 113, 119 (Tex. Crim. App. 1996) (en banc)).

Here, Appellant did not object to his sentence on constitutional grounds at the time of sentencing or in a post-trial motion.  Therefore, he has not preserved his Eighth Amendment complaint for appellate review.  Appellant's fifth issue is overruled.

## Conclusion

Having overruled each of Appellant's issues, we affirm the judgment of the trial court.

Lawrence M. Doss
Justice

Do not publish.