

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00074-CR

BRANDON LEOTTA RUTT, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 485th District Court
Tarrant County, Texas
Trial Court No. 1774274

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

Brandon Leotta Rutt entered an open plea of guilt to aggravated assault with a deadly weapon. *See* TEX. PENAL CODE ANN. § 22.02 (Supp.). Rutt admitted that he shot his victim in the neck during a road-rage incident. After a punishment trial to the bench, the trial court sentenced Rutt to fifteen years' imprisonment. On appeal, Rutt argues that the trial court erred by assessing a cruel and unusual punishment and by considering punishment evidence outside of the record.[1] We find that Rutt failed to preserve his first issue for our review and that his second issue is meritless. As a result, we affirm the trial court's judgment.

Generally, "to preserve an issue for appellate review, an appellant must have first raised the issue in the trial court." *Sample v. State*, 405 S.W.3d 295, 303 (Tex. App.—Fort Worth 2013, pet. ref'd) (citing TEX. R. APP. P. 33.1(a)). This rule also applies to constitutional claims of cruel and unusual punishment. *Id.* at 304. As a result, "[t]o preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired." *Russell v. State*, 341 S.W.3d 526, 527 (Tex. App.—Fort Worth 2011, no pet.) (quoting *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd)).[2]

---

[1]Originally appealed to the Second Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Supp.). We follow the precedent of the Second Court of Appeals in deciding the issues presented. *See* TEX. R. APP. P. 41.3.

[2]Moreover, when a sentence like Rutt's "is within the relevant statutory range of time, that punishment is 'generally not subject to challenge for excessiveness.'" *Sample*, 405 S.W.3d at 304 (quoting *Means v. State*, 347 S.W.3d 873, 875 (Tex. App.—Fort Worth 2011, no pet.)).

Here, the record shows that Rutt did not object that his fifteen-year sentence constituted cruel and unusual punishment.  Even so, he argues that his sentence was disproportionate to the offense committed.  We find that Rutt failed to preserve this issue, and as a result, we overrule his first point of error.

In his second point, Rutt argues that the trial court considered evidence outside of the record.  Rutt's argument refers to the statements made by the trial court during sentencing after his mother testified that road-rage shootings were unacceptable but were a common problem in the area.  In deciding on the fifteen-year sentence, the trial court noted that Rutt was "near 30" years old when he "went out and shot someone" after he was cut off in traffic.  The trial court took issue with the fact that Rutt did not "brush it off," but instead drove "up and st[u]ck a gun [out the window] and [shot] someone in the neck."  The trial court continued:

> This Court is going to make a statement about guns in our society, particularly when people are acting, not out of mental illness and when they're not 18 or 19 years old.  And this Court is going to assess a sentence of 15 years.  I was at two years yesterday, but after hearing you testify you talked yourself into 15.

Rutt argues that, because there was no evidence "concerning societal issues involving gun violence," the trial court considered evidence outside of the record.  However, because Rutt's mother testified that gun violence during road-rage incidents in the area were common, the trial court's comments were not unsupported by the evidence.  As a result, we find this issue meritless and overrule Rutt's second point of error.

We affirm the trial court's judgment.

Scott E. Stevens
Chief Justice

Date Submitted:     November 4, 2024
Date Decided:       November 5, 2024

Do Not Publish