

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-24-00410-CR

KIMBERLY RENEE ALBERT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 100th District Court
Childress County, Texas
Trial Court No. 7025, Honorable Dale A. Rabe, Jr., Presiding

August 27, 2025

MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Kimberly Renee Albert, was placed on deferred adjudication community supervision for a period of seven years for the offense of possession of a controlled substance with intent to deliver.[1] The State filed a motion to proceed to adjudication. After a hearing, the trial court adjudicated Appellant guilty and sentenced her to fifty years'

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (d).

incarceration and a $500 fine.  Appellant appeals this sentence.  We affirm the trial court's judgment.

## BACKGROUND

On June 8, 2023, Appellant pleaded guilty to the charged offense as part of a plea bargain for which the State would recommend that adjudication be deferred and Appellant placed on community supervision for seven years.  The trial court accepted the State's recommendation.  On June 24, 2024, the State filed a motion to proceed to adjudication alleging that Appellant had committed multiple violations of the terms of her community supervision.  The trial court conducted a hearing on the State's motion.  Appellant pleaded not true to the alleged violations.  At the hearing, evidence was presented establishing that Appellant admitted to using methamphetamine on two occasions and marijuana once; failed to submit to drug testing; associated with a known felon; and repeatedly failed to report, pay monthly fees, or complete statements of inability to pay monthly fees.  At the conclusion of the hearing, the trial court granted the State's motion, adjudicated Appellant guilty, and sentenced her to fifty years' incarceration and a $500 fine.

By her appeal, Appellant contends that the sentence imposed by the trial court constitutes cruel and unusual punishment in violation of the Eighth Amendment.

## ANALYSIS

While not raised by the State, preservation of error is a systemic requirement that we must review sua sponte.  *Ford v. State*, 305 S.W.3d 530, 532–33 (Tex. Crim. App. 2009).  Like many other rights, the constitutional right to be free from cruel and unusual punishment may be waived.  *Recio v. State*, No. 14-06-00312-CR, 2007 Tex. App. LEXIS

2

3905, at *6 (Tex. App.—Houston [14th Dist.] May 22, 2007, no pet.) (mem. op., not designated for publication).  Ordinarily, to preserve an issue for appellate review, an appellant must have first raised the issue in the trial court.  TEX. R. APP. P. 33.1; *Sample v. State*, 405 S.W.3d 295, 303 (Tex. App.—Fort Worth 2013, pet. ref'd).  A sentencing issue may be preserved by objecting at the punishment hearing or when sentence is pronounced.  *See Sample*, 405 S.W.3d at 303 (citing *Russell v. State*, 341 S.W.3d 526, 527–28 (Tex. App.—Fort Worth 2011, no pet.), for proposition that appellant failed to preserve Eighth Amendment complaint when he failed to object at sentencing).  In some instances, a sentencing issue may be preserved by raising it in a motion for new trial.  *Id*.

In the present case, Appellant did not raise the issue of her sentence being grossly disproportionate during the hearing on the State's motion to proceed to adjudication or when sentence was pronounced.  She did, however, file a motion for new trial in which she alleged that "[t]he sentence imposed in this cause was grossly disproportionate to the offense, and, thus, violated the Eighth Amendment's prohibition against cruel and unusual punishments."  To preserve an issue by motion for new trial, a defendant must present the motion to the trial court.  *Richardson v. State*, 328 S.W.3d 61, 72 (Tex. App.—Fort Worth 2010, pet. ref'd) (per curiam) (citing TEX. R. APP. P. 21.6); *see also Rucker v. State*, No. 07-20-00128-CR, 2021 Tex. App. LEXIS 7024, at *10 (Tex. App.—Amarillo Aug. 25, 2021, pet. ref'd) (mem. op., not designated for publication) (claim of disproportionate sentence must be presented to trial court to be preserved).  The defendant must ensure that the trial court has actual notice of the motion for new trial; merely filing the motion is not sufficient.  *Id*.  Actual notice can be shown by things such as the judge's signature on the proposed order or the trial court setting a hearing for the motion on the docket.  *Id*.

There is no evidence of presentment of the motion shown in this appellate record: no entry appears on the trial court's docket sheet regarding the motion for new trial, no signature of the judge appears on the motion, no hearing was set or held, and no indication shows that the trial court had actual knowledge that the motion for new trial was filed. *Id.* Thus, we conclude that Appellant has failed to preserve her claim regarding the alleged disproportionate sentence for our review.

However, even if the record showed that Appellant presented the motion, we do not find that her fifty-year sentence is grossly disproportionate. Generally, when a sentence is within the relevant statutory range, that punishment is not subject to challenge for excessiveness. *Sample*, 405 S.W.3d at 304. Appellant contends that her fifty-year sentence is cruel and unusual for the offense of possession of a controlled substance with the intent to deliver. We note that the fifty-year sentence is within the statutory range of five to ninety-nine years or life.[2] The Texas Court of Criminal Appeals "has traditionally held that punishment assessed within the statutory limits . . . is not excessive, cruel, or unusual." *State v. Simpson*, 488 S.W.3d 318, 323 (Tex. Crim. App. 2016). Appellant specifically contends that consideration should have been given to the ownership she took over her shortcomings and her desire to receive help. Appellant pleaded guilty in June of 2023 as part of a plea bargain agreement by which she would be placed on deferred adjudication community supervision for seven years rather than potentially being sentenced to five to ninety-nine years or life imprisonment. The record reflects that Appellant was released from ISF on or about November 8, 2023, and admitted to using

---

[2] *See* TEX. PENAL CODE ANN. § 12.32.

4

marijuana on or about November 30, and methamphetamine on December 9 and 10. So, within a month of her release from custody, Appellant admitted to using drugs on three occasions. *See Acosta v. State*, Nos. 07-22-00149-CR, 07-22-00150-CR, 2023 Tex. App. LEXIS 6482, at *6 (Tex. App.—Amarillo Aug. 23, 2023, pet. filed) (mem. op., not designated for publication) ("The trial court can consider Appellant's failure to comply with the terms and conditions of his community supervision in assessing his sentence."). Further, the record reflects that far from seeking help for her drug abuse, Appellant was not interested in inpatient treatment of any kind and refused to participate in a two-year outpatient program because she did not think she needed that much treatment. Thus, even if we assume that Appellant had preserved her disproportionate sentence claim, we do not conclude that the record reflects that Appellant's sentence is one of the "exceedingly rare" or "extreme" cases where a sentence that falls within the statutory range is grossly disproportionate. *Simpson*, 488 S.W.3d at 322–23.

## CONCLUSION

For the foregoing reasons, we overrule Appellant's sole issue and affirm the judgment of the trial court.

Judy C. Parker
Justice

Do not publish.

5